IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY D. BLOOM, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>CLAIMETRICS MANAGEMENT LLC, a Nevada Limited Liability Company; SNIPES MANAGEMENT COMPANY, LLC; A. MARSHALL SNIPES, an individual; EXPRESS HALLMARK HOLDING CO., LLC, a limited liability company; EXPRESS PERSONNEL SERVICES, INC., a corporation; THOMAS N. RICHARDS, an individual; and DOES 1 through 20, inclusive,<br><br>    Defendants.<br>                                        / | No. C 10-02579 WHA<br><br>**ORDER GRANTING MOTION TO TRANSFER, DENYING MOTION TO DISMISS, AND VACATING HEARING** |

**INTRODUCTION**

In this breach-of-contract action, defendants move to dismiss the action based on the existence of a forum-selection clause, or in the alternative, to transfer venue to the United States District Court of Nevada. Given that the contract between the parties contained a reasonable forum-selection clause specifying the United States District Court for the District of Nevada as the sole venue for disputes, the motion to transfer to the District of Nevada is **GRANTED**. The motion to dismiss is **DENIED**. The hearing scheduled for those motions is **VACATED**.

**STATEMENT**

Plaintiff Barry D. Bloom initiated the instant action in the Superior Court of San Mateo County in April 2010, but it was removed to federal court via diversity removal jurisdiction. Plaintiff alleges that in 2006 defendants Marshall Snipes and Thomas Richards offered plaintiff the positions of president and chief operating officer of defendant Claimetrics Management LLC. Plaintiff signed an operating agreement accepting the offer in April 2006. The operating agreement was signed on behalf of Claimetrics by Marshall Snipes and Thomas Richards, as manager for defendant Express Hallmark Holding Company LLC, a holding company owned by defendant Express Personnel Services. The first amended complaint addressed the operating agreement and alleged claims for: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) breach of fiduciary duty (First Amd. Compl. ¶ 16–30). Plaintiff also entered into a three-year executive employment agreement with Claimetrics in April 2006. Both agreements were executed in San Mateo County.

Plaintiff previously filed a separate breach-of-contract suit in regard to the executive employment agreement in San Mateo County Superior Court against Claimetrics in March 2008. The executive employment agreement did not include a forum-selection clause. In March 2010, the jury in San Mateo County found that Claimetrics had breached the executive employment agreement by terminating plaintiff's employment "without good cause" before the end of the term. The overall judgment in favor of plaintiff totaled $552,372.80 (First Amd. Compl. ¶ 14–15).

Defendants now seek to dismiss the instant action under FRCP 12(b)(3), given the existence of a forum-selection clause in the operating agreement between the parties. The clause specified that any suit involving any dispute under the agreement may only be brought in the United States District Court for the District of Nevada. In the alternative, defendants move to transfer the action to that venue.

**ANALYSIS**

Federal law governs the validity of a forum-selection clause. Forum-selection clauses are prima facie valid and should not be set aside unless the party challenging enforcement of such a

2

provision can show it is unreasonable under the circumstances. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Both the Supreme Court and the Ninth Circuit have construed this exception narrowly. A forum-selection clause is unreasonable if: (1) the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) enforcement would contravene a strong public policy of the forum in which suit is brought. *Murphy v. Schneider National*, *Inc.,* 362 F.3d 1133, 1140 (9th Cir. 2004) (citing *M/S Bremen*, 407 U.S. at 12-18) . To establish the unreasonableness of a forum-selection clause, a party has the "heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324–25 (9th Cir. 1996). In *Argueta,* a foreign bank sought to enforce a forum-selection clause against a borrower from the United States. The Ninth Circuit treated the bank's motion as a Rule 12(b)(3) motion to dismiss for improper venue. The court held that the forum-selection clause requiring the borrower to litigate the dispute in Mexico was enforceable, despite his position that he would not receive a fair trial in Mexico and feared persecution there. *Id.* at 324–27.

The forum-selection clause in the instant suit does not meet the strict criteria of the Supreme Court or the Ninth Circuit for an exception to the contracted forum of Nevada. This is not a case of fraud or overreaching. Plaintiff is a sophisticated businessman who was negotiating contracts to be the head of a company, not a low-level employee that did not have leverage to change a standard employment contract. Nevada is not so gravely inconvenient to plaintiff that he will be "deprived of his day in court." Nevada is certainly less objectionable to plaintiff than Mexico was to the borrower in *Argueta*. Finally, no public policy interests dictate that plaintiff must be allowed to ignore the clear dictates of the contract he signed and litigate this issue in a state other than Nevada.

Plaintiff's counter arguments are unpersuasive. Plaintiff first argues that Nevada should not be the venue because Nevada has no nexus to the controversy. The nexus of the controversy, however, was not a factor weighed by the Supreme Court in *M/S Bremen* or the Ninth Circuit in

3

*Murphy* when examining a challenge to a forum-selection clause. Plaintiff cites only to the district court in Minnesota as utilizing this factor. Indeed, the Supreme Court in *M/S Bremen* allowed the forum-selection clause between a German corporation and an American corporation to prevail when the contracted forum, Britain, had no interest in the controversy.

Plaintiff's other arguments focus on the inconvenience of Nevada to both parties, particularly because another related case was already adjudicated in California state court. Plaintiff contends that the forum-selection clause was overreaching and unjust. Yet the burden plaintiff bears is not merely to show that Nevada is a less convenient forum, but that the plaintiff will be denied justice if the case is heard in Nevada. Plaintiff has not met this burden. While it may not be ideally suited to his needs, plaintiff is still fully capable of pursuing justice in Nevada.

Plaintiff argues that the court should transfer the case instead of dismissing it. District courts have the authority to either dismiss or transfer a case pursuant to FRCP 12(b)(3) and 28 U.S.C 1404. Indeed, whether a transfer or dismissal is appropriate "rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). In this case the United States District Court for the District of Nevada has proper diversity jurisdiction pursuant to 28 U.S.C 1332(a)(1). Therefore, the motion to transfer is granted. The operating agreement contains a reasonable forum-selection clause specifying the District of Nevada as the sole venue for disputes.

## CONCLUSION

For the foregoing reasons, defendants' motion to transfer the action to the United States District Court for the District of Nevada is **GRANTED**. The motion to dismiss is **DENIED**. Accordingly, the hearing scheduled for those motions is **VACATED**.

**IT IS SO ORDERED.**

Dated: September 2, 2010

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE