UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARRY D. BLOOM,<br><br>         Plaintiff,<br><br>v.<br><br>CLAIMETRICS MANAGEMENT, LLC;<br>SNIPES MANAGEMENT COMPANY,<br>LCC; A. MARSHALL SNIPES;<br>EXPRESS HALLMARK HOLDING CO.,<br>LLC; EXPRESS SERVICES, INC.,<br>THOMAS RICHARDS,<br><br>         Defendants. | Case No. 2:10-CV-01608-KJD-LRL<br><br>**ORDER** |

Presently before the Court is Defendants' Motion for Judgment on the Pleadings (#33). Plaintiff filed a response in opposition (#35) and declaration in support of opposition (#35-1) to which Defendants replied (#36).

I. Background

On February 13, 2009, Plaintiff Barry D. Bloom ("Bloom") filed suit against Defendant Claimetrics Management, LLC. ("Claimetrics"), and Hallmark National, LLC. ("Hallmark National") in California state court for wrongfully terminating his employment ("Case I"). (#33-2). Bloom's specific claims were for: (1) Breach of the Employment Agreement; (2) Breach of the

Operating Agreement; and (3) Misrepresentation and Fraud in Negotiating the Employment Agreement. Bloom dropped the Operating Agreement claim because both parties agreed it was premature. He pursued his other claims and won. Judgment was entered in favor of Bloom and he was awarded five-hundred fifty-two thousand, three-hundred seventy-two dollars and eighty cents ($552,372.80) in damages.

On May 6, 2010, Bloom again filed suit ("Case II") against Claimetrics and five new defendants (collectively "Defendants"). On September 20, 2010, Case II was transferred to the United States District Court, District of Nevada. In Case II, like in Case I, Bloom asserts he was wrongfully terminated and as a result suffered damages. Bloom's Case II claims are for: (i) Breach of the Operating Agreement, against Claimetrics only; (ii) Breach of Implied Covenant of Good Faith and Fair Dealing, also against Claimetrics only; and (iii) Breach of Fiduciary Duty against all Defendants.

Defendants now move for a judgment on the pleadings to dismiss Case II in its entirety. Defendants assert Case II is based on the same dispute that was already litigated in Case I, and thus barred by res judicata. Bloom contends that Case II should survive Defendants' motion because it is based on a different set of facts, has separate and distinct causes of action, and includes five new Defendants who were not parties in Case I.

II. Legal Standard for Judgment on the Pleadings 12(c)

After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed.R.Civ.P. 12(c). For the purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false. Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990) (citation omitted); see also Oregon Natural Desert Ass'n v. United States Forest Service, 2008 WL 140657 *3 (D.Or.). Further, the Court may not rely on evidence outside the pleadings. Id. "Judgment on the pleadings is proper when the moving party

2

establishes on the face of the pleadings that no material issue of fact remains to be resolved and it is entitled to judgment as a matter of law." Id.

III. Res Judicata

"Res judicata, also known as claim preclusion, bars litigation of claims in a subsequent action that were raised or could have been raised in the prior action." Oregon Natural Desert, 2008 WL 140657 *3, citing Owens v. Kaiser Fund Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). To trigger the doctrine of res judicata, the earlier suit must have (1) involved the same "claim" or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies. Mpoyo v. Litton Electrc-Optical Systems, 430 F.3d 985, 987 (9th Cir. 2005) (citation omitted).

     A. Breach of Operating Agreement

Plaintiff's Complaint asserts two manners in which Defendant Claimetrics allegedly breached the Operating Agreement. (#1-2). First, Bloom asserts he was fired without cause and second, he claims Claimetrics failed to purchase his ownership interest at the "without cause" price as provided for in the Operating Agreement. The contention that Plaintiff was fired without cause is the same claim that was already litigated in Case I. Further, Case I reached a final judgment on the merits and Claimetrics is an identical party. Therefore, all three res judicata requirements are met and to the extent that Plaintiff asserts a breach of the Operating Agreement based on his wrongful termination, it is barred.

Bloom's second assertion, that Claimetrics breached the Operating Agreement by not making an offer to purchase Bloom's ownership interest, is not the same claim or cause of action as was litigated in Case I. The Court looks to four criteria to determine whether two suits involve the same claim or cause of action: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions. Mpoyo, 430 F.3d at 987.

Most weight is given to the first criterion, same transactional nucleus, and it has often been held to be outcome determinative. Id., at 988.

Here, the breach of the Operating Agreement arises from a different set of facts from those litigated in Case I. Case I litigated whether Bloom was terminated "for cause," and thus concerned the events leading up to Bloom's termination. Case II on the other hand, concerns Claimetrics' obligations and actions after Bloom had already been terminated, including his rights under the Operating Agreement. Additionally, no rights or interests were established for Claimetrics in Case I that would be destroyed by the prosecution of Case II. Case I involved Bloom's right to only be terminated for cause and Case II involves Bloom's right to be compensated for his ownership interest in Claimetrics. Finally, the two cases involve evidence from different time periods, Case I from before his termination and Case II from after his termination, and thus are not substantially the same. Therefore, all four (4) "same claim or cause of action" criteria weigh in favor of finding that the breach of Operating Agreement claim in Case II is based on a different claim and cause of action from Case I. Therefore, the first res judicata requirement is not satisfied. Accordingly, this claim is not barred by res judicata and is not dismissed.[1]

B. Implied Covenant of Good Faith and Fair Dealing

Bloom asserts that Claimetrics breached an implied covenant of good faith by "attempting to renegotiate both the Executive Employment Agreement and the Operating Agreement." Bloom further alleges that because he refused to renegotiate the agreements, he was fired and "the termination was done in order to deprive Bloom of his ownership interest in Claimetrics and deprive him of his benefits and protections under the Operating Agreement." Claimetrics argues that this claim was already litigated and therefore is barred by res judicata.

---

[1] Within the same motion, but unrelated to the doctrine of res judicata, Claimetrics argues that under the Operating Agreement Bloom was required to request the purchase of his ownership interest. Claimetrics asserts that because Bloom never made such a request, this claim must be dismissed. Bloom contends that he did not need to make a request because he filed a law suit. Filing of a complaint for breach of contract is arguably a request for one's contractual rights and because for purposes of the motion the allegations of the non-moving party must be accepted as true, Claimetrics argument is not compelling.

4

1    Under the first of the four (4) "same claim or cause of action" criteria, two suits arise out of
2 the same transactional nucleus of facts if they are related to the same set of facts and could
3 conveniently be tied together. Mpoyo, 430 F.3d at 987.  In Mpoyo, for example, the two suits were
4 related to the same set of facts and could conveniently be tied together because both of the plaintiff's
5 claims arose from the plaintiff's employer's conduct while he was an employee and specifically from
6 the events leading to his termination. Id.  There, the court also found that the second and third
7 criteria were inconclusive and under the fourth criterion, some evidence would be the same and other
8 evidence would likely be distinct. Id. The first criterion was determinative and the court found that
9 both cases involved the same claim or cause of action.
10    Here, under the first criteria, Case I already litigated whether the termination was for cause
11 which plainly relates to the same set of facts Bloom alleges under his breached implied covenant of
12 good faith claim.  The termination for cause litigation in Case I would have involved the events
13 leading up to Bloom's termination including any attempts to renegotiate his contracts and the
14 motivation behind his termination.  Therefore, the claims arise out of the same transactional nucleus
15 because they are related to the same facts and certainly should have been tied together in the initial
16 case.  Under the second criteria, Claimetrics' right not to be penalized for the same conduct twice
17 would be destroyed if this claim went forward.  Under the third criteria, both Case I and this claim
18 involve the infringement of Bloom's right to be terminated only for cause.  Finally, under the fourth
19 criteria, the same evidence surrounding Bloom's termination would be presented as was already
20 presented in Case I.  Therefore, the two suits arise out of the same claim or cause of action and the
21 first res judicata element is satisfied.
22    The last two elements of res judicata are also satisfied.  Neither party disputed that Case I
23 reached a final judgment on the merits and Claimetrics is an identical party.  Accordingly, all three
24 elements of res judicata are satisfied and the breach of implied covenant of good faith claim is
25 barred.
26

C. Breach of Fiduciary Duties

1. Same Claim or Cause of Action

Bloom asserts that Defendants breached their fiduciary duties by: (1) seizing Bloom's 21.27% ownership interest in Claimetrics and taking his twenty thousand (20,000) Delta units of capital interest in Claimetrics without payment or compensation; (2) seizing his Delta units for the purpose of increasing Defendants' own personal benefit; (3) removing Bloom as a manager of Claimetrics under the Operating Agreement; and, (4) depriving Bloom of his rights and protections under the Operating Agreement.  (#35).

The first two assertions which concern seizing Bloom's property are distinct from the claims litigated in Case I.  These assertions, like the breach of the Operating Agreement claim, arise from a different set of facts from those litigated in Case I.  Just as in the Operating Agreement claim, the facts, rights, duties and evidence relevant to Claimetrics failure to compensate Bloom after his termination, are separate from those leading up to his termination.  Therefore, Bloom's first two assertions for breach of fiduciary duty are distinct claims and causes of action from Case I and the first element of res judicata is not satisfied.  Accordingly, to the extent Bloom's fiduciary duty claim relies upon these assertions, it is not barred.

However, the last two assertions both concern whether Bloom was terminated for cause.  As already stated above, this was already litigated in Case I.  Accordingly, to the extent Bloom's fiduciary duty claim relies upon these terminated for cause assertions, it satisfies the first element of res judicata.  Further, the parties do not dispute that Case I reached a final judgment on the merits and thus the first two elements of res judicata are satisfied.

2. Identical Parties or Privies

Claimetrics was a Defendant in Case I and thus it is an "identical party" in Case II. Therefore, the surviving fiduciary duty claims against Claimetrics in Case II meet this third and final element of res judicata and are accordingly barred.  As a result, the remaining issue is whether the

five additional Defendants in Case II ("Case II Defendants"), who were not named in Case I, are privies to the defendants in Case I ("Case I Defendants").

The Case II Defendants are: (1) Snipes Management Company, LLC, ("Snipes Management"), a member of Claimetrics that negotiated the Employment Agreement and the Operating Agreement; (2) Mr. A. Marshal Snipes ("Snipes"), the Chief Executive Officer and a member of Claimetrics who negotiated the Executive Agreement and Operating Agreement; (3) Express Services, Inc., ("Express Services"), the principle company of Defendant Express Hallmark Holding Co., LLC, ("Express Hallmark"); (4) Express Hallmark, the agent of Express Services and majority interest holder of Claimetrics; and (5) Mr. Thomas N. Richards ("Richards"), the Chief Financial Officer of Express Services and Member of and Beta Manager of Claimetrics who also negotiated the Executive Agreement and Operating Agreement. The Case I Defendants were Claimetrics and Hallmark National.

Privity exists when "a person [is] so identified in interest with another that he represents the same legal right." Zaragosa v. Craven, 202 P.2d 73, 75 (Cal. 1949); see Headwaters, Inc., v. U.S. Forest Serv., 399 F.3d 1047, 1054 (9th Cir. 2005). The focus of the inquiry is whether the party in the later action was "sufficiently close" to the party in the first action "so as to justify application" of preclusion principles. Clemmer v. Hartford Insurance Co., 587 P.2d 1098, 1102 (Cal. 1978). Identity of interests and adequate representation are necessary to find privity. Irwin v. Mascott, 370 F.3d 924, 930 (9th Cir. 2004). The circumstances must be "such that the party to be [precluded] should reasonably have expected to be bound by the prior adjudication." Clemmer, 587 P.2d at 1102. This requires a contextual approach based on the need to avoid repetitive litigation, see id., rather than an approach based on mere formalities with regard to the parties. See Rynsburger v. Dairymen's Fertilizer Cooperative, Inc., 266 Cal.App.2d 269, 278 (1968).

Here, the Case II Defendants' interests relating to the termination without cause assertions include arguing that Bloom was terminated for cause and that there was no wrong-doing in relation to his termination. These interests were all adequately represented in Case I because the parties

7

already litigated the events surrounding Bloom's termination. Additionally, the Case II Defendants managed, lead, belonged to, and owned the Case I Defendants. Therefore, the Defendants should have expected to be sued in Case I for wrongful termination. It is clear that the Case II Defendants are sufficiently close to the Case I Defendants to justify the preclusion principles. Accordingly, the Court finds that the Case II Defendants are privies of those in Case I and all three res judicata elements are met.

IV.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings (#33) is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Judgment on Breach of Operating Agreement Claim is **DENIED**;

**IT IS FURTHER ORDERED** that  Defendants' Motion for Judgment on Implied Covenant of Good Faith and Fair Dealing Claim is **GRANTED**;

Finally, **IT IS ORDERED** that  Defendants' Motion for Judgment on Breach of Fiduciary Duties Claim is **GRANTED in part and DENIED in part**.

DATED this 13th day of July 2011.

_____
Kent J. Dawson
United States District Judge